IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED DAMESHEK and JOHNETTE DAMESHEK, : <br>     Plaintiffs : <br> : <br> v. : <br> : <br> ENCOMPASS INSURANCE COMPANY OF AMERICA, : <br>     Defendant/Third Party Plaintiff : <br> : <br> v. : <br> : <br> ALEX R. SZELES, INC., : <br>     Third Party Defendant : | No. 1:11-cv-18 <br><br> (Chief Judge Kane) |

**MEMORANDUM ORDER**

Pending before the Court is Third Party Defendant Alex R. Szeles, Inc.'s ("Szeles") motion to dismiss Defendant/Third Party Plaintiff Encompass Insurance Company of America's ("Encompass") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion for a more definite statement pursuant to Rule 12(e). (Doc. No. 12.) The motion argues that Encompass has failed to plead facts which would make Szeles liable to Encompass. The Court finds that Encompass has adequately pleaded a contribution claim against Szeles but has not adequately pleaded an indemnification claim. Therefore, the motion will be granted in part and denied in part.

**I.  BACKGROUND**

This case was commenced by Plaintiffs Fred and Johnette Dameshek (the "Damesheks") against Encompass based on an insurance policy provided by Encompass for the Damesheks' residence. Among other coverage, the insurance policy provided for Additional Living Expenses

("ALE")—necessary increases in living expenses if a covered loss made the Damesheks' residence uninhabitable.  The policy provided that payment of ALE would last:  (1) the shortest time required to repair or replace the damaged portion of the residence; or (2) if the Damesheks chose to permanently relocate, the shortest time required to settle elsewhere.  (Doc. No. 1 ¶ 9.)  In either case, payment of ALE was not to last for more than one year.  (Id.)

On April 7, 2009, the Damesheks' home was damaged in a fire.  The Damesheks moved out of the home while repairs commenced.  The Damesheks claim that they were advised by an Encompass insurance adjuster, James Dunn, that Encompass would assist them with housing—even beyond the ALE expiration date.  (Doc. No. 1 ¶¶ 11-13.)  According to the Damesheks, Dunn advised them that "Mr. Szeles, Sr.,"[1] would be providing them a place to reside rent-free.  (Id. ¶¶ 14-15.)  Based on this information, the Damesheks moved from their prior rental property to the property provided by "Mr. Szeles" on July 1, 2010.  Soon after arriving, however, the Damesheks were advised by Brian J. Szeles that there was only an agreement to pay their rent for the month of August 2010.  (Id. ¶ 18.)

The Damesheks allege that Szeles, the company undertaking restoration work on their home, "agreed to provide [the Damesheks] with housing at no charge to them if their house was not completed within the one . . . year during which they had additional living expense coverage."  (Id. ¶ 20.)  However, because of a delay stemming from a disagreement between Encompass and Szeles in November 2009, Szeles withdrew its guaranteed completion date and its agreement to cover the Damesheks' ALE.  (Id. ¶¶ 21-23.)  On November 19, 2010, the

---

[1] It is unclear from the original complaint whether Mr. Szeles is in reference to Brian J. Szeles, Alex Szeles, or neither of the two.

Damesheks received an eviction notice for non-payment of the rent in their current temporary residence. (Id. ¶ 26.) In December 2010, Encompass denied the Damesheks' request for ALE or to resolve the rent issue with "Mr. Szeles." (Id. ¶ 25.)

On January 5, 2011, the Damesheks initiated this lawsuit by filing a seven-count complaint against Encompass. (Doc. No. 1.) The Damesheks pleaded claims for breach of contract, bad faith, misrepresentation, negligence, deceit, breach of the covenant of good faith and fair dealing, and unfair trade practices. (Id.) On March 21, 2011, Encompass filed an answer to the complaint and, on that same date, filed a third party complaint against Szeles. The third party complaint asserts that if Encompass is found liable to the Damesheks, Szeles is "jointly and severally liable with [Encompass], and/or solely liable to [the Damesheks], any liability on the part of Defendant Encompass being expressly denied." (Doc. No. 7 ¶ 40.) In addition, the third party complaint also asserts that Encompass has a right to contribution and indemnity against Szeles in the event of a finding of liability against Encompass. (Id. ¶ 41.)

## II.   STANDARD OF REVIEW

In analyzing a complaint under Rule 12(b)(6), "courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To undertake such an analysis, the Court should first separate the factual and legal elements of a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). All well-pleaded facts must be accepted as true, but mere legal conclusions may be disregarded. Id. The Court must determine whether the complaint has

shown through its facts that its claim is plausible and that the plaintiff is entitled to relief. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556) (internal quotation marks omitted).

## III. DISCUSSION

In challenging Encompass's complaint against it, Szeles posits only that the factual averments in the third party complaint do not give rise to an independent action by Encompass against Szeles. Instead, Szeles argues that Encompass has merely raised claims that the Damesheks "could have brought against Szeles"—not claims that Encompass has against Szeles. (Doc. No. 21 at 2.) In response, Encompass states that its complaint

> contains numerous, specific factual allegations against Szeles, including allegations that Szeles and the Damesheks were in contractual privity with one another, that the Damesheks relied upon representations and guarantees made by Szeles, and that Szeles failed to meet its guaranteed completion date and failed to follow-through [sic] on various representations.
>
> It further alleges that but for Szeles' delays and work stoppages in connection with the performance of its contractual obligations at the Dameshek residence, they would have been able to re-occupy the residence on or before April 7, 2010, and but for Szeles' negligent and/or intentional delays and work stoppages in connection with the performance of its contractual obligations at the Damesheks' residence, they would not have incurred any of the expenses and damages alleged in their complaint.

(Doc. No. 19 at 5.) Encompass also states that Szeles's negligently contributed to a delay in repairs alleged in the Damesheks negligence claim, stemming from a dispute between Szeles and

4

Encompass. (Id. at 6.) As a result, Encompass argues that "[t]he Third Party Complaint is premised upon the same set of factual circumstances and allegations . . . as those giving rise to the Damesheks' Complaint, and all such counts that are set forth in the Damesheks' Complaint and can be appropriately be passed through to Szeles are viable and ripe for adjudication." (Id. at 8.)

According to Rule 14 of the Federal Rules of Civil Procedure which governs impleader, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Thus, the determinative issue as to this motion is whether Encompass may assert an indemnification or contribution claim against Szeles based upon the claims that have been lodged against Encompass by the Damesheks. After reviewing the arguments set forth by the parties, the Court concludes that Encompass has asserted a cognizable claim for contribution against Szeles but that Encompass has failed to state a cognizable indemnification claim. The Court will address each claim in turn.

### A.    Right of Contribution

Under Pennsylvania law, a right of contribution exists among joint tortfeasors who are jointly or severally liable in tort for the same injury to persons or property. Childers v. Power Line Equip. Rentals, Inc., 681 A.2d 201, 213 (Pa. Super. Ct. 1996). Pursuant to the Uniform Contribution Among Tortfeasors Act, 42 Pa. Cons. Stat. §§ 8321 et seq., "joint tortfeasors are entitled to contribution if they have paid more than their pro rata share of [their] common

liability . . . even if the two defendants are held liable upon different theories of recovery."[2] Mattia v. Sears, Roebuck & Co., 531 A.2d 789, 791 (Pa. Super. Ct. 1987)); see also Rabatin v. Columbus Lines, Inc., 790 F.2d 22, 24 (3d Cir. 1986). "[T]he equitable obligation of contribution may be asserted where: (1) the parties combined to produce the plaintiff's injury; (2) the parties are each liable in tort to the plaintiff; and (3) a tortfeasor has discharged the common liability by paying more than his pro rata share." Mattia, 531 A.2d at 791. "The right of contribution may be asserted during the original proceeding via joinder of third party defendants . . . ." Childers, 681 A.2d at 213. In such a case, "the original defendant must plead sufficient facts to sustain a cause of action against the new defendant. They may not rely on bald assertions but must plead the material facts necessary to establish their claim." Mattia, 531 A.2d

---

[2] The Pennsylvania Superior Court has previously discussed the legislative intent underlying the Uniform Contribution Among Tortfeasors Act:

> The focus of the Uniform Act is on the relationship existing between tortfeasors rather than the manner in which several tortfeasors have been held liable to an injured claimant. . . . In Puller v. Puller, 110 A.2d 175, 177 (Pa. 1955), the Supreme Court observed that "contribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done." . . . Thus, a tortfeasor's right to receive contribution from a joint tortfeasor derives not from his liability to the claimant but rather from the equitable principle that once the joint liability of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other. It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff. So long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable under the Act to deny that party's right to contribution from a second tortfeasor who also contributed to the plaintiff's injury.

Svetz v. Land Tool Co., 513 A.2d 403, 407 (Pa. Super. Ct. 1986).

at 792.

After reviewing the third party complaint, the Court is convinced that it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. –, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted).  The Damesheks have lodged tort claims against Encompass based on their allegations that Encompass acted to delay the repair of the Damesheks' home, misrepresented that a rent free property would be provided by Szeles, and wrongfully denied payment of ALE.  In turn, Encompass has alleged that the Damesheks injuries resulted, at least in part, from Szeles's breach of contract and negligence.

Because the right to contribution is based on joint liability in tort, Encompass may not seek contribution based on a breach of contract claim.  See Mattia, 531 A.2d at 791 (setting forth the requirements for contribution under the Uniform Contribution Among Tortfeasors Act). Encompass has, however, asserted a cognizable claim for contribution for any joint and several liability that it shares for the injury allegedly sustained by the Damesheks as a result of negligence by Szeles.  Specifically, Encompass alleges that Szeles and its agents made promises to the Damesheks that they could stay in Szeles's rental property rent-free and that the delays in completion of work on the Damesheks' home is the result of negligent acts or omissions by Szeles, stemming from a dispute between Szeles and Encompass.  These allegations of negligence meet the minimum standards required for pleading a claim.  See Mattia, 531 A.2d at 791 (setting forth the requirements for contribution in Pennsylvania); Eckroth v. Pa. Elec., Inc., 12 A.3d 422, 427 (Pa. Super. Ct. 2010) (setting forth the elements of negligence in Pennsylvania).  As a result, the Court deny the motion to dismiss Encompass's contribution

claim against Szeles based on negligence.

At the same time, however, the Court notes that Encompass does not include separate counts in its third party complaint. As a result, it is unclear whether Encompass asserts any other theory of tort liability against Szeles other than one based in negligence. To the extent that Encompass seeks to plead any other theory, Encompass must do so by amendment to its third party complaint so as to give Szeles adequate notice and an opportunity to defend. See Fed. R. Civ. P. 8 (requiring that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief" and that a responsive pleading must "state in short and plain terms its defenses to each claim asserted against it" (emphasis added)).

### B. Right of Indemnification

Unlike Encompass's claim for contribution, Encompass's indemnification claim does not survive Szeles's motion to dismiss. In Pennsylvania, "[t]he right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party." Builders Supply Co. v. McCabe, 77 A.2d 368, 370 (Pa. 1951). As such, "[i]t is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." Id.; MIIX Ins. Co. v. Epstein, 937 A.2d 469, 472 (Pa. Super. Ct. 2007); see also City of Wilkes-Barre v. Kaminski Bros, Inc., 804 A.2d 89, 92 (Pa. Commw. Ct. 2002) (noting that indemnity "is a common law equitable remedy that shifts the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault" (citations omitted)). Thus, a right of indemnity is available to a party who only bears imputed or

constructive liability for the injury of another, "for example, where there is a relation of employer and employee, or principal and agent." Builders Supply Co., 77 A.2d at 370. However, a right of indemnity is not available to party who bears common liability for a wrong, such as "[i]n the case of concurrent or joint tortfeasors." Id. Rather, "when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury." Id.

Encompass argues that these claims stem from Szeles's failure to complete the renovations to the Damesheks' home in a timely manner and Szeles's misrepresentation of what living arrangements would be secured for the Damesheks. Encompass is correct that, pursuant to these allegations, Szeles might be liable to the Damesheks for similar causes of action as those lodged against Encompass. However, Encompass has not included any allegations which would show that Encompass's own liability for the Damesheks' claims are based on secondary liability—such as through an employer-employee or principal-agent relationship between Encompass and Szeles. To the contrary, the claims brought by the Damesheks against Encompass are for primary liability and Encompass has not pleaded any facts which would allow it to assert a right of indemnity against Szeles. Therefore, the Court must grant Szeles's motion to dismiss as to Encompass's claim based on indemnification.

**ACCORDINGLY**, on this 17th day of August 2011, it is **HEREBY ORDERED THAT** Third Party Defendant Alex R. Szeles, Inc.'s motion to dismiss or, in the alternative, motion for a more definite statement (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART** to the following extent:

1. Third Party Plaintiff Encompass's indemnification claim against Szeles is **DISMISSED**.

2. Encompass's claim for contribution based on Szeles's alleged negligence is **NOT DISMISSED**.

3. Encompass's claim for contribution based on Szeles's alleged breach of contract is **DISMISSED**.

4. The Clerk of Court shall defer entering judgment until all claims have been adjudicated.

          S/ Yvette Kane
          Yvette Kane, Chief Judge
          United States District Court
          Middle District of Pennsylvania