**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRED DAMESHEK and JOHNETTE** | : | |
| **DAMESHEK,** | : | **No. 1:11-cv-18** |
|     **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
|     **v.** | : | |
| | : | |
| **ENCOMPASS INSURANCE COMPANY** | : | |
| **OF AMERICA,** | : | |
|     **Defendant/Third Party Plaintiff** | : | |
| | : | |
|     **v.** | : | |
| | : | |
| **ALEX R. SZELES, INC.,** | : | |
|     **Third Party Defendant** | : | |

**<u>MEMORANDUM</u>**

Before the Court are Defendant/Third Party Plaintiff Encompass Insurance Company of

America's motion for summary judgment (Doc. No. 26) and Third Party Defendant Alex R.

Szeles, Inc.'s motion for summary judgment (Doc. No. 30).  For the reasons that follow, the

Court will grant Defendant Encompass's motion and deny Third Party Defendant Szeles's

motion as moot.

## I.    BACKGROUND[1]

Plaintiffs Fred Dameshek and Johnette Dameshek initiated this action by filing a

complaint on January 5, 2011, regarding their homeowner's insurance policy.  (Doc. No. 1.)  On

April 7, 2009, a fire occurred at Plaintiffs' residence.  (Doc. No. 27 ¶ 1.)  At the time, Plaintiffs'

home was insured by an insurance policy issued by Defendant.  (<u>Id.</u> ¶ 2.)  The policy provided

coverage for Additional Living Expenses ("ALE") to compensate the insured for living expenses

---

[1] The following facts of record are undisputed, unless otherwise noted.

above their normal expenses for the shortest time necessary to repair damage caused by a covered loss, or the shortest time required to settle elsewhere if the insured chose to relocate. (Doc. No. 1 ¶ 9.)  In either case, the policy provided that the ALE were not to last for more than one year from the date of the fire, and Plaintiffs were informed of the one-year limitation.  (Id.; Doc. No. 27 ¶¶ 8-9.)

Defendant assigned James Dunn to handle Plaintiffs' claim.  (Doc. No. 27 ¶ 5.)  It also assigned Peter Belden to handle Plaintiffs' ALE, and Joan Ellen Creed to handle Plaintiffs' contents claim.  (Id. ¶ 6.)  Plaintiffs selected Third Party Defendant Alex R. Szeles, Inc. as the general contractor for the repair of the fire damage to their home.  (Id. ¶ 10.)  Defendant was aware of Plaintiffs' selection, and negotiated with Szeles with respect to the work at Plaintiffs' home.  Szeles also assisted Plaintiffs in obtaining alternate housing on Lyters Lane in Harrisburg, Pennsylvania within days of the fire.  (Id. ¶ 11.)  Defendant was not involved in securing these accommodations.  (Id.)

After Plaintiffs selected Szeles as their contractor, there was a delay in obtaining an initial estimate for the restoration work; the delay was not attributable to Defendant.  (Id. ¶ 17.)  Mr. Dunn rejected Szeles's initial estimate of $630,000, and Szeles later agreed to do the restoration work for $490,000.  (Id. ¶¶ 18-20.)  Since the date of the loss, Szeles periodically stopped working on the project, and the repairs to the home took more than one year to complete.  (Id. ¶¶ 21-22.)

Plaintiffs resided at the property on Lyters Lane from April 2009 through July 2009, until they moved to a property at the Terraces at Springford in Harrisburg from July 2009 until the end of June 2010.  (Doc. No. 27 ¶¶ 12-13.)  Before and after the one-year limitation for ALE

payments, which expired in April 2010, Mr. Dunn advocated on Plaintiffs' behalf in efforts to resolve issues and disagreement with Szeles, and advocated for Szeles to pay Plaintiffs' additional living expenses beyond the one-year limit under the insurance policy.  (Id. ¶ 24.) After the one-year limitation for ALE payments expired, Plaintiffs moved to a third property on Old Township Road.  (Id. ¶ 13.)  Plaintiffs learned of the availability of the Old Township Road property through Szeles.  (Id. ¶ 14.)  In an effort to encourage Szeles to provide Plaintiffs with free housing until the restoration was completed, Defendant advanced Szeles $100,000 of the money owed for the restoration work before it was completed.  (Id. ¶ 25.)  There is a dispute between Defendant and Szeles as to the extent to which Szeles agreed to provide Plaintiffs with free housing.  Defendant asserts that Szeles agreed to provide Plaintiffs with free housing until the repair jobs were completed, whereas Szeles asserts that the agreement was limited to one month of rent-free housing.  (See Doc. No. 40-1 at 32.)  Plaintiffs allege that they moved to the Old Township Road property because Mr. Dunn informed them that Szeles would allow them to reside there rent-free until completion of the repair job.  (Doc. No. 1 ¶ 17.)

Defendant has made nine expense reimbursements for ALE to Plaintiffs from April 7, 2009 through April 7, 2010.  (Id. ¶ 23, 28.)  Defendant has not paid Plaintiffs for their additional living expenses after April 7, 2010.

Plaintiffs initiated this action on January 5, 2011, alleging the following seven causes of action against Defendant: (1) breach of contract; (2) bad faith; (3) misrepresentation; (4) negligence; (5) deceit; (6) breach of covenant of good faith and fair dealing; and (7) unfair trade practices.  (Doc. No. 1.)  On March 21, 2011, Defendant filed an answer to the complaint and, on that same date, filed a third party complaint against Szeles, seeking contribution and indemnity

from Szeles.  (Doc. Nos. 6, 7.)  On August 17, 2011, the Court granted in part Szeles's motion to

dismiss, dismissing Defendant's indemnification claim against Szeles, but not dismissing

Defendant's contribution claim against Szeles.  (Doc. No. 22.)

On April 30, 2012, Defendant filed a motion for summary judgment.  (Doc. No. 26.)

That same day, Szeles filed a motion for summary judgment.  (Doc. No. 30.)

## II.      STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is

warranted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is

material if it might affect the outcome of the suit under the applicable law, and it is genuine only

if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a

verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must

prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider

all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City

Pub. Sch., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an

absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d

135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of

evidence to support the non-moving party's claims, "the non-moving party must rebut the

motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal

memoranda, or oral argument." <u>Berckeley Inv. Grp.. Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir.

2006); <u>accord</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  If the non-moving party "fails

to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden at trial," summary judgment is warranted.

<u>Celotex</u>, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving

party must provide, a court should grant summary judgment where the non-movant's evidence is

merely colorable, conclusory, or speculative.  <u>Anderson</u>, 477 U.S. at 249-50.  There must be

more than a scintilla of evidence supporting the non-moving party and more than some

metaphysical doubt as to the material facts.  <u>Id.</u> at 252; <u>see also</u> <u>Matsushita Elec. Indus. Co. v.</u>

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Further, a party may not defeat a motion for

summary judgment with evidence that would not be admissible at trial.  <u>Pamintuan v. Nanticoke</u>

<u>Mem'l Hosp.</u>, 192 F.3d 378, 387 (3d Cir. 1999).

## III.   DISCUSSION

Defendant moves for summary judgment on each of the seven counts alleged in

Plaintiffs' complaint.  (Doc. No. 26.)  Defendant argues that Plaintiffs have not presented any

evidence with which to establish any of their claims against it.  The Court will discuss each

count of Plaintiffs' complaint in turn.

### A.   Breach of Contract[2]

Count I of Plaintiffs' complaint is a breach of contract claim.  In their complaint,

---

[2] This matter comes before the Court on diversity jurisdiction.  Pennsylvania substantive law governs the action.  Accordingly, the Court will treat the decisions of the Pennsylvania Supreme Court as binding precedent and will treat the decisions of the Pennsylvania Superior Court as persuasive precedent.  <u>State Farm Fire & Cas. Co. v. Estate of Mehlman</u>, 589 F.3d 105, 108 n.2 (3d Cir. 2009) (citing <u>Jewelcor Inc. v. Karfunkel</u>, 517 F.3d 672, 676 n.4 (3d Cir. 2008)).

Plaintiffs allege that Defendant failed to make the required loss payments, thereby breaching their insurance contract.  (Doc. No. 1 ¶¶ 27-31.)  Defendant argues that Plaintiffs have failed to meet their <u>prima facie</u> burden of proof in a breach of contract claim.  (Doc. No. 35 at 11.)  Specifically, Defendant argues that because it indemnified Plaintiffs for their ALE damages through April 2010, it did not breach the terms of the insurance policy.  (<u>Id.</u> at 12-13.)  Further, Defendant argues that Plaintiffs have no evidence that Defendant caused or contributed to any of their alleged damages.  (<u>Id.</u> at 13.)

In response to Defendant's motion for summary judgment, Plaintiffs concede that Defendant fulfilled the written terms of the insurance contract, but argue that Defendant breached the duties of good faith and fair dealing by "permitt[ing] the job to be delayed while they negotiated a lower cost which was of no benefit to Plaintiffs who simply wanted their home repaired."  (Doc. No. 40 at 3.)  By not accepting Szeles's initial estimate, Plaintiffs argue that Defendant caused them to "forfeit the protection they had of an agreement by [Szeles] that it would complete the work within one year or cover the ALE."  (<u>Id.</u>)

To state a claim for breach of contract, Plaintiffs must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages.  <u>CoreStates Bank, N.A. v. Cutillo</u>, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).  Under Pennsylvania law, a court may not "imply a different contract than that which the parties have expressly adopted. To imply covenants on matters specifically addressed in the contract itself would violate this doctrine."  <u>Hutchison v. Sunbeam Coal Corp.</u>, 513 A.2d 385, 388 (Pa. 1986).  Further, Pennsylvania law does not recognize an independent cause of action separate from a breach of contract claim for breach of a duty of good faith and fair dealing.  <u>LSI</u>

Title Agency, Inc. v. Evaluation Servs., Inc., 951 A.2d 384, 391 (Pa. Super. Ct. 2008) (quoting

McHale v. NuEnergy Group, No. 01-cv-4111, 2002 WL 321797, at *8 (E.D. Pa. Feb. 27, 2002)).

Because Plaintiffs concede that Defendant complied with the terms of the insurance

contract, Plaintiffs' breach of contract claim must fail as a matter of law.  Plaintiffs have

provided the Court with no legal authority in support of their position that a breach of contract

claim may be based on allegations that an insurance company negotiated with a third party in its

own self interest.  Thus, the Court will enter summary judgment in favor of Defendant with

respect to Count I of Plaintiffs' complaint.

### B.      Bad Faith

Next, in Count II of their complaint, Plaintiffs assert a bad faith claim against Defendant

pursuant to 42 Pa. Cons. Stat. § 8371.   (Doc. No. 1 ¶¶ 32-35.)  In their complaint, Plaintiffs

allege that Defendant delayed repairs to Plaintiffs' residence and denied payment of ALE in bad

faith.  In their motion for summary judgment, Defendant argues that there is no evidence that it

denied Plaintiffs any benefits due under the insurance policy, that it failed in any investigation,

or that it failed to communicate with Plaintiffs.  (Doc. No. 35 at 15.)  In response, Plaintiffs

argue that "Defendant's bad faith consisted of placing its interests before that of Plaintiffs," by

negotiating with Szeles for a lower price to complete the repairs, which resulted in a delay in the

completion of the repairs.  (Doc. No. 40 at 5.)  Further, Plaintiffs argue that Defendant acted in

bad faith by failing to obtain a written agreement from Szeles as to the scope of work to be

performed, a schedule of completion, and pricing, as well as in assuring Plaintiffs that Szeles

would provide them with rent-free housing.  (Id.)

To prevail on a claim of statutory bad faith pursuant to 42 Pa. Cons. Stat. § 8371, a

plaintiff must establish, by clear and convincing evidence: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994), appeal denied, 659 A.2d 560 (Pa. 1995)). "Bad faith conduct also includes lack of good faith investigation into facts, and failure to communicate with the claimant." Johnson v. Progressive Ins. Co., 987 A.2d 781, 784 (Pa. Super. Ct. 2009) (citing Condio v. Erie Ins. Exchg., 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006)). "For purposes of an action against an insurer for [bad faith] failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." Romano v. Nationwide Mut. Fire. Ins. Co., 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)).

Because Plaintiffs have presented no evidence to support a finding that Defendant denied them benefits, their statutory bad faith claim cannot survive Defendant's motion for summary judgment. Plaintiffs do not, and cannot, claim that Defendant failed to pay their ALE as required by the insurance policy. (See Doc. No. 40 at 10.) Instead, Plaintiffs merely argue that Defendant negotiated with Szeles to benefit itself rather then Plaintiffs, and that Defendant erroneously informed them that Szeles would provide them with rent-free housing. However, these allegations are not sufficient to support a bad faith claim. Plaintiffs have failed "to make a showing sufficient to establish the existence of an element essential to [their] case;" namely, that Defendant denied them benefits without a reasonable basis. See Celotex, 477 U.S. at 322.

Instead, it is undisputed that Defendant paid Plaintiffs all of the ALE payments required by the insurance policy.  (See Doc. No. 40 at 3 ("Plaintiffs concede that Defendant has fulfilled the written terms of the contract of insurance.").)  Therefore, summary judgment is warranted, and the Court will enter summary judgment in favor of Defendant on Count II of Plaintiffs' complaint.

### C.    Misrepresentation

In Count III of their complaint, Plaintiffs assert an intentional misrepresentation claim against Defendant, alleging that Mr. Dunn falsely informed them that they could reside in the property provided by Szeles, the Old Township Road property, rent-free until the completion of the repairs, with knowledge or recklessness as to the truth of the representation.  (Doc. No. 1 ¶¶ 36-41.)  Defendant argues that Plaintiffs have no evidence with which to establish the essential elements of an intentional misrepresentation claim, because the facts of record reflect that Defendant and Plaintiffs both understood that Szeles offered to pay Plaintiffs' ALE if the restoration were not completed by April 7, 2010.  (Doc. No. 35 at 20-21.)  In response, Plaintiffs argue that there is a question of fact as to whether Szeles agreed to provide them with rent-free housing pending completion of the repairs.  (Doc. No. 40 at 7.)  Plaintiffs state that while they "believe that Defendant thought [it] had an agreement with [Szeles] to provide them a place to live rent free it is not their belief that is controlling here."  (Id.)

To state a claim for intentional misrepresentation, a plaintiff must establish: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting

injury was proximately caused by the reliance.  Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999).

Applying the above standard, the facts of record do not support a finding that Defendant misrepresented a material fact with knowledge or recklessness as to whether the fact was true or false.  While there is a dispute as to whether Szeles agreed to provide Plaintiffs with rent-free housing for one month only, or until the repair project was completed, the dispute of fact is not material.  There is no genuine dispute that Mr. Dunn believed that Szeles would be providing Plaintiffs with rent-free housing until completion of the project.  (See Doc. No. 1 ¶ 15; Doc. No. 40 at 7.)  Thus, nothing in the record would support a finding that Mr. Dunn, acting as an agent of Defendant, knew his representation was false or was reckless as to the truth or falsity of his representation that Szeles would provide Plaintiffs with rent-free housing until completion of the repairs.  Further, none of the facts of record would support a finding that Mr. Dunn's representation regarding the rent-free housing was made with the intent of misleading Plaintiffs into relying on it.  Thus, whether Mr. Dunn was mistaken in his belief is not material to Plaintiffs' intentional misrepresentation claim.  See Anderson, 477 U.S. at 248-49.   While the record evidence would support a finding that there was a misunderstanding between Mr. Dunn and Szeles, a mere lapse in communication or misunderstanding is not akin to a misrepresentation made with intent to mislead.  Because the record evidence does not support a finding that Defendant made a misrepresentation with intent to mislead Plaintiffs, the Court will enter summary judgment in favor of Defendant with respect to Count III of Plaintiffs' complaint.

### D.  Negligence

In Count IV of their complaint, Plaintiffs set forth a negligence claim, alleging that if Mr. Dunn's conduct is not established to be intentional, then he was negligent in failing to put the

agreement that he reached with Szeles in writing, failing to establish whether there would be any rent payable, and inducing Plaintiffs to change residences.  (Doc. No. 1 ¶¶ 42-44.)  In its motion for summary judgment, Defendant argues that there is no separate tort-law cause of action against an insurer in Pennsylvania.  (Doc. No. 35 at 22.)  In the alternative, Defendant argues that it was not negligent, because it handled Plaintiffs' claims in compliance with its duty under the insurance policy.  (Id. at 23.)  In response to Defendant's motion for summary judgment, Plaintiffs argue that Mr. Dunn took on a duty by negotiating with Szeles on behalf of Plaintiffs, and that it breached that duty by failing to have an agreement put in writing and failing to consider the effects that negotiations with Szeles would have on Plaintiffs.  (Doc. No. 40.)

To prevail on a negligence claim, a plaintiff must establish: (1) a duty recognized by law requiring the actor to conform to a certain standard of conduct; (2) failure by the actor to observe this standard; (3) causation between the conduct and injury; and (4) actual damages.  Tomko v. Marks, 602 A.2d 890, 892 (Pa. Super. Ct. 1992).  However, there are limitations on bringing negligence claims in Pennsylvania.  First, the gist of the action doctrine maintains the distinction between breach of contract claims and tort claims by precluding recovery in tort in four situations: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.  Sarsfield v. Citimortgage, Inc., 707 F. Supp. 2d 546, 553 (M.D. Pa. 2010) (citing eToll v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002)).  "As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims."

eToll, 811 A.2d at 14.  Furthermore, "[i]n Pennsylvania, there is no separate tort-law cause of action against an insurer for negligence and breach of fiduciary duty: such claims must be brought in contract."  Ingersol-Rand Equip. Corp. v. Transp. Ins. Co., 963 F. Supp. 452, 453-54 (M.D. Pa. 1997) (citing Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co., 872 F. Supp. 1403, 1406, 1409 (E.D. Pa.1995), aff'd, 85 F.3d 1088 (3d Cir.1996); Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320, 321 (Pa. 1963); Cowden v. Aetna Cas. & Sur. Co., 134 A.2d 223, 227 (Pa. 1957)).

Here, Plaintiffs' negligence claim is duplicative of their breach of contract claim.  Any duties imposed on Defendant arise from the insurance contract, rather than social policy.  See Redevelopment Auth. v. Int'l Ins. Co., 685 A.2d 581, 590 (Pa. Super. Ct. 1996) (en banc), aff'd, 695 A.2d 787 (Pa. 1997) (quoting Phico Ins. Co. v. Presbyterian Med. Servs. Corp., 663 A.2d 753, 757 (Pa. Super. Ct. 1995)) ("The important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus.").  Because the gist of the action doctrine precludes negligence claims where the defendant's duty is rooted in contract, and because there is no separate cause of action against an insurer for negligence in Pennsylvania, the Court will grant Defendant's motion for summary judgment with respect to Count IV.

### E.    Deceit

Next, in Count V of their complaint, Plaintiffs set forth a claim against Defendant for deceit, alleging that Defendant substantially delayed completion of the repair project and represented to Plaintiffs that they could reside rent free until the completion of the project, resulting in damages.  (Doc. No. 1 ¶¶ 45-52.)  In support of their deceit claim, Plaintiffs

reference the Pennsylvania Unfair Insurance Practices Act, 40 Pa. Stat. § 1171 et seq. ("UIPA"),

which is an act that regulates the business of insurance in Pennsylvania, prohibiting unfair or

deceptive acts and practices.  In its motion for summary judgment, Defendant argues that there is

no private cause of action for an alleged violation of UIPA, because the statute may only be

enforced by the State Insurance Commissioner.  (Doc. No. 35 at 25 (citing Romano v.

Nationwide Mut. Fire. Ins. Co., 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994); 40 Pa. Stat. §

1171.7).)  Additionally, Defendant argues that Plaintiffs cannot establish the elements of a deceit

claim.  In response, Plaintiffs argue that while they referenced the UIPA in their complaint, their

deceit claim is a common law cause of action.  (Doc. No. 40 at 8.)

　　　While there is no private cause of action for an alleged violation of UIPA, Pennsylvania

courts have recognized that UIPA does not bar a common law action for fraud or deceit.  See,

e.g., Pekular v. Eich, 513 A.2d 427, 430 (Pa. Super. Ct. 1986).  "The essential elements of a

cause of action for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an

intention to induce action thereby, justifiable reliance thereon and damage as a proximate result."

Wilson v. Donegal Mut. Ins. Co., 598 A.2d 1310, 1315 (Pa. Super. Ct. 1991) (citing Neuman v.

Corn Exch. Nat'l Bank & Trust Co., 51 A.2d 759 (Pa. 1947); Borelli v. Barthel, 211 A.2d 11 (Pa.

Super. Ct. 1965)).

　　　The Court will grant summary judgment in favor of Defendant on Count V of Plaintiffs'

complaint for substantially the same reasons discussed in Section III.C above.  As with

Plaintiffs' misrepresentation claim, the facts of record do not support a finding that Defendant

fraudulently misrepresented any facts with an intention to induce action by Plaintiffs.  Nothing in

the record supports a finding that Mr. Dunn knew that Szeles would not provide Plaintiffs with

rent-free housing at the time that he made that representation to them.  Thus, the Court will enter

summary judgment in favor of Defendant with respect to Count V of Plaintiffs' complaint.

>### F.      Breach of Covenant of Good Faith and Fair Dealing

In Count VI of their complaint, Plaintiffs assert a claim for breach of the covenant of

good faith and fair dealing, asserting that Defendant breached the duty of good faith and fair

dealing as set forth in 42 Pa. Cons. Stat. § 8371 by delaying repairs to Plaintiffs' home, willfully

advising Plaintiffs that they could reside rent-free until the completion of their residence, forcing

Plaintiffs into expensive litigation, and acting with conscious disregard to Plaintiffs' rights.

(Doc. No. 1 ¶¶ 53-55.)  Defendant moves for summary judgment on Count VI, arguing that there

is no common law cause of action for first-party bad faith in Pennsylvania.  (Doc. No. 35 at 26.)

In response, Plaintiffs argue that 42 Pa. Cons. Stat. § 8371 empowers the Court to award

damages in an action arising under an insurance policy where it find that the insurer has acted in

bad faith.  The Court has already determined that Plaintiffs have failed to support a statutory bad

faith claim.  See Section III.B.  Because Plaintiffs have not set forth any evidence that Defendant

denied them benefits without a reasonable basis, their claim of statutory bad faith must fail.  See

Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (setting forth the

elements of a statutory bad faith claim).  Furthermore, Plaintiffs cannot sustain a common law

cause of action for breach of the duties of good faith and fair dealing, because no such cause of

action exists in Pennsylvania separate from a breach of contract claim.  See Section III.A; LSI

Title Agency, Inc. v. Evaluation Servs., Inc., 951 A.2d 384, 391 (Pa. Super. Ct. 2008).  Thus, the

Court will grant Defendant's motion for summary judgment with respect to Count VI of

Plaintiffs' complaint.

### G.   Unfair Trade Practices

In Count VII of their complaint, Plaintiffs assert a claim for unfair trade practices, alleging that Defendant's actions constitute fraudulent or deceptive conduct, which creates a likelihood of confusion or misunderstanding, thereby violating the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  (Doc. No. 1 ¶¶ 56-59.)  Defendant moved for summary judgment on this claim, arguing that the mere nonpayment of ALE constitutes nonfeasance, which is not actionable under the UTPCPL.  (Doc. No. 35 at 28.)  In response, Plaintiffs assert that their claim is not based on Defendant's nonpayment of ALE; rather, Plaintiffs state that their claim is based on Defendant's delaying the repair job by negotiating with Szeles, inducing Plaintiffs to move, and not reducing their agreement with Szeles into writing.  (Doc. No. 40 at 10.)

The UTPCPL defines several acts that are "unfair methods of competition" and "unfair or deceptive acts or practices."  Included in such definition is a catchall provision, which defines any "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" as an unfair or deceptive act.  73 Pa. Stat. § 201-2(4)(xxi).  Unfair methods of competition and unfair or deceptive acts or practices "in the conduct of any trade or commerce" are declared unlawful by the law.  "Trade" and "commerce" are defined as "advertising, offering for sale, sale or distribution of any services and any property . . . affecting the people of this Commonwealth."  Id. § 201-2(3).  The statute recognizes a private action for any person who suffers a loss as a result of an unfair or deceptive act that is declared unlawful.  Id. § 201-9.2.

Here, the facts of record do not support a cause of action under the UTPCPL.  Plaintiffs argue that Defendant is liable under the UTPCPL because it caused delays in the repairs of their

home, induced them to change residences, and failed to have their agreement with Szeles memorialized in writing.  The UTPCPL does not regulate this type of conduct, as the conduct did not occur in connection with "trade" or "commerce" as defined by the statute.  None of Defendant's conduct occurred in connection with advertising or offering its services for sale. Thus, the Court will grant summary judgment in favor of Defendant with respect to Count VII of Plaintiffs' complaint.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, the Court will grant Defendant's motion for summary judgment on all claims.  Because Plaintiffs' claims against Defendant must fail, Defendant's contribution claim against Szeles is rendered moot.  Accordingly, the Court will deny Szeles's motion for summary judgment as moot.  An order consistent with this memorandum follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED DAMESHEK and JOHNETTE** | : | |
| **DAMESHEK,** | : | **No. 1:11-cv-18** |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **ENCOMPASS INSURANCE COMPANY** | : | |
| **OF AMERICA,** | : | |
| **Defendant/Third Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALEX R. SZELES, INC.,** | : | |
| **Third Party Defendant** | : | |

## <u>ORDER</u>

**AND NOW**, on this 25th day of June 2012, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. No. 26) is **GRANTED** as to all claims.  The Clerk of Court is directed to enter judgment in favor of Defendant Encompass Insurance Company of America and against Plaintiffs Fred Dameshek and Johnette Dameshek.

**IT IS FURTHER ORDERED THAT** Third Party Defendant Szeles's motion for summary judgment (Doc. No. 30) is **DENIED AS MOOT**.

The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

17